## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| ALTON A. GREENOUGH, JR. and | ) | Case No. 20-30126-wva |
| MARK A. HORTON, | ) | |
| | ) | Adversary No. |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT E. EGGMANN, | ) | |
| Solely in his Capacity as Chapter 7 Trustee | ) | |
| for Alton A. Greenough, Jr. and | ) | |
| Mark A. Horton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL FUNDS, INC., | ) | |
| Serve: Registered Agent | ) | |
| URS Agents, LLC | ) | |
| Suite 1510 | ) | |
| Chicago, IL 60602 | ) | |
| | ) | |
| Defendant. | ) | |

## TRUSTEE'S COMPLAINT: (1) TO DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF AN ALLEGED LIEN OR OTHER INTEREST; AND (2) FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Robert E. Eggmann, chapter 7 trustee for Alton A. Greenough, Jr. and Mark A. Horton, by and through the undersigned counsel, and for *Trustee's Complaint: (1) to Determine the Validity, Priority, and Extent of an Alleged Lien or Other Interest; and (2) for Declaratory Judgment* (this "Complaint") respectfully states as follows:

### NATURE OF THE ACTION

1.     The filing of this Complaint commences an adversary proceeding pursuant to FED. R. BANKR. P. Rule 7001(2) and (9).

2.      Plaintiff Robert E. Eggmann ("Plaintiff" or "Trustee") seeks the following relief from this Court:

      a.  a determination pursuant to 11 U.S.C. § 506 as to the validity, priority, and extent of an alleged lien or other interest asserted by Defendant Universal Funds, Inc. against Debtor Alton A. Greenough Jr.'s interest in a certain personal injury claim which Trustee believes to be property of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a); and

      b.  a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the interest rate charged by Defendant Universal Funds, Inc. is usurious and thus uncollectible, and further finding that Universal Funds is liable for actual and statutory damages in an amount equal to twice the total of all interest, discount and charges set forth in the loan agreements plus Trustee's reasonable attorney's fees and court costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as this proceeding arises in or relates to a case under title 11 presently pending before the United States Bankruptcy Court for the Southern District of Illinois (this "Court" or the "Bankruptcy Court"). This cause of action constitutes a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(K) and (O).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This Complaint brings a civil action based upon 11 U.S.C. § 506, seeking a determination of this Court that Defendant Universal Funds, Inc. does not hold a valid lien or other interest in a certain personal injury claim and pending cause of action, as well as for declaratory relief pursuant to 28 U.S.C. § 2201(a).

6.      Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

7.      Debtors Alton A. Greenough, Jr. and Mark A. Horton (collectively, the "Debtors") commenced this case by filing a voluntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Code"), on February 5, 2020 (the "Petition Date") in this Court.

8.      Plaintiff Robert E. Eggmann is the duly appointed, qualified chapter 7 trustee for Debtors.

9.      Defendant Universal Funds, Inc. ("Defendant" or "Universal Funds") is a corporation organized under the laws of the State of Pennsylvania. Pursuant to FED. R. BANKR. P. Rule 7004(b)(3), said corporation may be served by first class U.S. mail, postage prepaid, in care of its registered agent, URS Agents, LLC at 30 N. LaSalle Street, Suite 1510, Chicago, IL 60602.

10.     Universal Funds is an alleged creditor of Debtors in the above-referenced bankruptcy proceeding.

11.     Universal Funds is a notice party as demonstrated by the creditor matrix maintained by this Court. [*See* ECF 35-1.[1]] Presumably, Universal Funds first received notice of Debtors' bankruptcy case at or about the time of its commencement.

12.     Despite having notice of the bankruptcy, Universal Funds has not filed a proof of claim in this case, and the deadline for filing claims has passed.

---

[1] Wherein Universal Funds is listed as a notice recipient at its corporate headquarters located at 200 Phillips Drive, Exton, PA 19341.

## BACKGROUND FACTUAL INFORMATION COMMON TO ALL COUNTS

### Debtor Greenough's Personal Injury Claim.

13.     Debtor Alton A. Greenough, Jr. ("Greenough") suffered personal injuries on or about September 16, 2015 arising out of an incident involving premises liability. Greenough's injuries and resulting claims are the subject of a certain lawsuit currently pending before the Circuit Court of Madison County, Illinois in the case styled *Alton A. Greenough, Jr. v. Gubin Gordon, et al.*, Case No. 2017L001342 (the "Cause of Action").

14.     The Cause of Action arose prior to the Petition Date.

15.     Trustee believes the Cause of Action to be property of the bankruptcy estate, pursuant to Section 541(a) of the Code, which defines such property interests as "all of the following property, wherever located and by whomever held, [including] all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Accordingly, Trustee believes that the Cause of Action and any proceeds recovered in connection therewith are subject to recovery by Trustee on behalf of the estate.

16.     The Cause of Action has not yet been tried or settled.

### The Pre-Petition Assignment to or Loan by Universal Funds.

17.     Universal Funds is in the business of offering cash advances and high interest loans to consumers through pre-settlement funding.

18.     Universal Funds received an assignment or made a loan of money to Greenough for personal use, pursuant to the terms a certain Purchase and Assignment Agreement dated March 9, 2018 (the "Agreement"), a true copy of which Agreement is attached hereto as **Exhibit 1** and incorporated herein by this reference.

19.    Pursuant to the terms of the Agreement, Greenough received a cash payment in March 2018 of $5,000.00 (the "Cash Payment") in exchange for his assignment to Universal Funds of an interest in a portion of the future anticipated proceeds of the Cause of Action in the amount of $19,091.00 (the "Interest"), together with interest thereon as set forth in the Agreement. [Agmt., p. 1 ¶ 1.] The Interest included various costs chargeable to Greenough, including the Cash Payment, an administrative fee of $275.00, Oasis Financial payoff of $9,100.00, and an origination fee of $1,1160.00. [*Id.*]

20.    The Agreement also provided for the accrual of interest on the aforesaid principal amount at the compounded monthly rate of 35.40%.  [Agmt., p. 2 ¶ 1.]

21.    The Agreement states, in pertinent part, that Greenough shall ensure the placement of "an assignment, consensual lien and security Interest in favor of [Universal Funds] against any and all Proceeds due [Greenough] from the Claim (after payment of any and all legal fees and reimbursable costs) and to protect and satisfy the assignment, consensual lien and security Interest in favor of [Universal Funds] up to the full amount of [Universal Funds'] Interest." [Agmt., p. 2 ¶ 3(a).]

22.    Universal Funds has alleged that its Interest attached as a lien upon the future proceeds of the Cause of Action by virtue of the obligations set forth in Agreement.

23.    Upon information and belief, Universal Funds has demanded a sum in excessive of $150,000.00 in principal and interest in satisfaction of its Interest under the Agreement− for which Greenough received the initial Cash Payment of only $5,000.00 from Universal Funds.

<u>**COUNT I**</u>

**Determination Of Validity, Priority, and Extent, of an Alleged Lien or Other Interest, Pursuant to 11 U.S.C. § 506**

COMES NOW Plaintiff Robert E. Eggmann and for Count I of his Complaint, seeking an

order from this Court determining the validity, priority, and extent of an alleged lien or other interest asserted by Defendant Universal Funds against the Cause of Action and any proceeds thereof, respectfully states as follows:

24.     Trustee restates and realleges the allegations set forth in paragraphs 1 through 23 of this Complaint as if more fully set forth herein.

25.     Despite having failed to file a proof of claim with this Court, Trustee believes that Universal Funds nonetheless assets a secured lien against the anticipated proceeds of the Cause of Action in an amount in excess of $150,000.00.

26.     Section 506 of the Code provides, in pertinent part, as follows: "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. . . ." 11 U.S.C. § 506(d).

27.     Universal Funds has failed to demonstrate proper perfection of its alleged lien.

28.     In any event, Illinois law prohibits the voluntary assignment of or lien against a personal injury claim as violative of public policy.

29.      Accordingly, Greenough could not assign, and Universal Funds cannot hold, a valid lien against Greenough's personal injury claim.

30.     Moreover, Section 541 of the Code defines property of the bankruptcy estate as "all of the following property, wherever located and by whomever held, [including] all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

31.     Legal precedent has established that both a debtor's interest in a personal injury claim which arose pre-petition and the anticipated proceeds arising from that claim constitute property of the bankruptcy estate.

32.     Accordingly, when Debtors filed their bankruptcy case, the Cause of Action, which was filed pre-petition− together with any anticipated future proceeds to be generated by the Cause of Action− became property of the bankruptcy estate which Trustee is entitled to recover.

33.     Pursuant to legal precedent, an assignment of a right to receive income contingent upon the occurrence of a future event (such as a settlement or verdict) does not convey a present interest in property to an assignee. The assignment of future proceeds operates as a future lien which only comes into existence when a judgment is entered or a settlement is reached. A lien related to such an assignment or transfer does not relate back to the date of the assignment.

34.     Thus, the alleged lien asserted by Universal Funds under the terms of the Agreement or any alleged equitable interest in the anticipated proceeds of the Cause of Action in favor of Universal Funds must fail.

35.     Accordingly, Trustee seeks an order of this Court setting forth its determination that any lien against or equitable interest in the Cause of Action alleged by Universal Funds is void.

WHEREFORE, Plaintiff Robert E. Eggmann respectfully requests this Court to enter its declaratory order as follows:

    a. holding that Defendant Universal Funds, Inc. holds no valid lien against the Cause of Action and its proceeds;

    b. holding that Defendant Universal Funds, Inc. otherwise holds no equitable interest in the Cause of Action or its proceeds;

    c. holding that Defendant Universal Funds, Inc. otherwise holds no valid assignment against the Cause of Action or its proceeds;

    d.   holding that Trustee may distribute any future proceeds received in connection with the Cause of Action, free from any lien, assignment, or equitable interest of Universal Funds;

    e.   holding that Universal Funds shall take no action to collect its alleged debt outside of these bankruptcy proceedings;

    f.   and for such other and further relief as this Court deems just and proper.

<u>**COUNT II**</u>

<u>**Complaint for Declaratory Relief Pursuant to 28 U.S.C. § 2201(a)**</u>

COMES NOW Plaintiff Robert E. Eggmann and for Count II of his Complaint, seeking declaratory relief from this Court, and in particular finding the rate of interest charged by Universal Funds pursuant to the terms of the Agreement to be usurious and thus unenforceable, respectfully states as follows:

36.    Trustee restates and realleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if more fully set forth herein.

37.    As demonstrated by the Agreement, Greenough received the principal sum of $5,000.00 from Universal Funds in March 2018. [Agmt., p. 1 ¶ 1.]

38.    Universal Funds charged a monthly compound interest rate of 35.40% on the principal amount paid to Greenough. Ultimately, upon information and belief, Universal Funds demanded payoff of principal and interest in an amount in excess of $150,000.00.

39.    Pursuant to the Illinois Interest Act, 815 ILCS 205/0.01, *et seq*., with certain exceptions that are not applicable in this case, the allowable rate of interest charged on personal loan obligations is limited to an annual rate of nine percent (9%). 815 ILCS 205/4(1).

40.     Accordingly, the interest rate charged by Universal Funds is in excess of that rate allowable under Illinois law and thus usurious.

41.     Pursuant to the Illinois Interest Act, a borrower subjected to usurious loan charges is entitled to recover from the lender his actual and statutory damages, together with attorney's fees and costs, to-wit:

> [i]f any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender.

815 ILCS 205/6.

42.     Upon information and belief, Universal Funds has demanded compensation for interest at an amount that Trustee believes to be usurious.

43.     Thus an actual legal and substantial controversy thus exists between Trustee and Universal Funds as to whether: (a) the interest rate charged by Universal Funds is usurious; (b) Universal Funds can recover interest due at the 35.40% monthly rate; and (c) Universal Funds shall be subject to actual and statutory damages in an amount equal to twice the total of all interest, discount and charges determined by Agreement, plus reasonable attorney's fees and court costs.

44.     Declaratory relief is thus appropriate pursuant to 28 U.S.C. § 2201(a).

WHEREFORE, Plaintiff respectfully prays this Court enter declaratory judgment on Count II of this Complaint, declaring that:

> a. the 35.40% interest rate charged by Universal Funds to Greenough is usurious and
>
>     therefore uncollectible;

b. Universal Funds is liable to Trustee for actual and statutory damages in an amount equal to twice the total of all interest, discount and charges set forth in the Loan agreements plus Trustee's reasonable attorney's fees and court costs; and

c.   for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

By: */s/ Robert E. Eggmann*
One of his Attorneys

Robert E. Eggmann, Illinois Bar # 6203021
Becky R. Eggmann, Illinois Bar # 6203020
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
bre@carmodymacdonald.com

## PURCHASE AND ASSIGNMENT AGREEMENT

This Purchase and Assignment Agreement ("Agreement") is dated the 09th day of March 2018 by and between Alton A. Greenough Jr., social security ████-2004, date of birth ████████, having an address at ██████████████████████ ("Seller"), and Universal Funds ("Universal"), a Pennsylvania company having an address at 200 Phillips Dr. , Exton, PA 19341 ("Buyer").

### Background

Seller has a claim arising out of a Negligence; Premises Liability accident which occurred on 9/16/2015 (the "Claim") against or involving Gordon Grubin, et al and/or all proper defendants.  Seller has hired Mark S. Schuver, Esquire of Mathis, Marifian & Richter, Ltd ("Attorney") whose address is 23 Public Square Suite 300, Belleville, IL 62220 to represent him/her in the Claim. Seller anticipates that the Claim will result in a verdict, judgment, award, or settlement.  The entire amount of the verdict, judgment, award or settlement recovered by Seller, less legal fees and costs payable to Attorney under the existing fee agreement between Attorney and Seller, constitute the Proceeds of the Claim (the "Proceeds").

Seller desires to sell and assign to Universal an Interest in the Proceeds.  Universal desires to purchase the Interest on the terms and conditions set forth in this Agreement

**1.    Purchase of Interest**

I hereby sell, transfer, convey and assign to Universal a $19,091.00 Interest (the "Interest) in the Proceeds for a purchase price of $16,035.00 ("Purchase Price).  I acknowledge receipt of the Purchase Price, less a fee of $275.00 ("Administrative Fee"), an Oasis Financial Payoff amount of $9,100.00 and a Law Capital Enterprises, LLC Origination Fee.  I understand that (i) after the deduction of the Administrative Fee, Payoff and Origination Fee the net amount received by me will be $5,000.00 and (ii) the amount of Universal Funds Interest, in other words, the amount to be paid to Universal and/or Universal's rate of return, will increase to reflect the date Universal is paid its Interest in the Proceeds as set forth in the following Disclosure Table (the "Disclosure Table") as such may be amended from time to time.

### DISCLOSURE TABLE

| Purchase Price | | $16,035.00 |
|---|---|---|
| Administrative Fee (review & processing) | | $275.00 |
| Oasis Financial Payoff | | $9,100.00 |
| Law Capital Enterprises, LLC Origination Fee | | $1,660.00 |
| Net Amount Received By Me | | $5,000.00 |
| *Date of Payment to Universal Funds* | *Number Of Months* | *Amount of Universal Funds' Interest/Amount Due to Universal Funds* |
| On or Before 9/9/2018 | 6 | $19,091.00 |
| After 9/9/2018 and on or before 12/9/2018 | 9 | $20,831.00 |
| After 12/9/2018 and on or before 3/9/2019 | 12 | $22,729.00 |

Page **1** of **11**

Seller's Initials _AAG_

**EXHIBIT 1**

| After 3/9/2019 and on or before 6/9/2019 | 15 | $24,801.00 |
|---|---|---|
| After 6/9/2019 and on or before 9/9/2019 | 18 | $27,061.00 |
| After 9/9/2019 and on or before 12/9/2019 | 21 | $29,527.00 |
| After 12/9/2019 and on or before 3/9/2020 | 24 | $32,218.00 |
| After 3/9/2020 and on or before 6/9/2020 | 27 | $35,154.00 |
| After 6/9/2020 and on or before 9/9/2020 | 30 | $38,358.00 |
| After 9/9/2020 and on or before 12/9/2020 | 33 | $41,854.00 |
| After 12/9/2020 and on or before 3/9/2021 | 36 | $45,669.00 |
| After 3/9/2021 and on or before 6/9/2021 | 39 | $49,831.00 |
| After 6/9/2021 and on or before 9/9/2021 | 42 | $54,372.00 |
| After 9/9/2021 and on or before 12/9/2021 | 45 | $59,327.00 |
| After 12/9/2021 and on or before 3/9/2022 | 48 | $64,734.00 |
| **Annual percentage fee (rate of return) on advance, compounded monthly: 35.40%** | | |

2. **Contingency Agreement**

If no recovery of Proceeds is received under Seller's Claim as a result of a verdict, judgment, award, or settlement, Seller shall have no responsibility, obligation or duty to pay Buyer the Purchase Price, unless Seller's failure to recover Proceeds arises from or in connection with any fraud, misrepresentation, deception, breach of warranty or failure to perform any covenant contained in this Agreement by Seller, who will then be liable for Buyer's attorney's fees or collection costs, as permitted by law.

3. **Payment from Proceeds**

(a)    Buyers Interest shall be paid by Seller's Attorney of the Proceeds of the Claim and will be deducted directly from the Proceeds of the Claim and will be paid to Buyer prior to any payment to Seller. If the Proceeds of the Claim are not enough to pay the full amount due to Buyer, then Buyer shall be entitled to receive 100% of the Proceeds of the Claim. I have directed my Attorney (and any future attorneys representing me) to, among other things, (i) place an assignment, consensual lien and security Interest in favor of Buyer against any and all Proceeds due Seller from the Claim (after payment of any and all legal fees and reimbursable costs) and to protect and satisfy the assignment, consensual lien and security Interest in favor of Buyer up to the full amount of Buyer's Interest, (ii) notify Buyer of any award, verdict, settlement, discontinuance or ending with respect to the Claim, (iii) pay Buyer from the Proceeds the proper amount due to buyer representing Buyer's Interest in the Proceeds at the time of the distribution of the Proceeds prior to any payment to me with respect to the Claim, (iv) respond to requests for information from Buyer, and (v) contact Buyer prior to any disbursements of funds to verify the amount of Buyer's Interest. I have provided Buyer with an executed Authorization for Attorney to pay Universal Funds from Proceeds of Claim,/Acknowledgement of Authorization by Seller and his/her attorney in the form attached as Exhibit "A" (the "Authorization and Acknowledgement").

(b)    At any time prior to final verdict, award, or settlement of my Claim, Seller may pay Buyer money to reduce the amount owed to Buyer. There is no penalty for such a payment. If Seller pays such an amount, Buyer will prepare an amended Disclosure Table which Buyer and Seller will sign, which will reduce the amount of Buyer's Interest. Additionally if Seller wants to sell an additional amount of the Claim, and if Buyer agrees to purchase an additional

Page **2** of **11**                                    **Seller's Initials**

**EXHIBIT 1**

amount, Seller will sign an amended Disclosure Table. Seller understands that Buyer is not required to purchase additional portions of the Claim.

(c)     The amount due Buyer shall be withheld from any money collected as a result of Seller's Claim and shall immediately be paid to Buyer (after first deducting Attorney's fees and costs, and any prior liens which exist on the date of this Agreement). Seller agrees that all Proceeds received in connection with this Claim shall be held in trust for Buyer until Buyer has been fully paid the amount due under this Agreement. Seller agrees that Seller will not receive any money or payment from the Proceeds of the Claim until Buyer has been paid its Interest in full.

(d)     In the event the Claim is the subject of more than one lawsuit, claim or cause arising out of more than one incident/accident/claim, then the amount due Buyer under this Agreement shall be paid from the Proceeds of the first lawsuit, claim or case, including Uninsured Motorists claims, Underinsured Motorists claims and any possible malpractice claims arising out the Claim, which results in a recovery by the Seller. If insufficient funds are available from the first of the lawsuit, claim and/or case resulting in a monetary recovery to pay the full amount due Buyer pursuant to this Agreement, then the balance due Buyer shall be paid from the Proceeds of the next lawsuit, claim and/or case if any.

### 4.     **No Transfer of Legal Claim**
This Agreement is for the purchase of the Purchase Price only. Seller is not assigning any portion of the Claim to Buyer, and Buyer is not buying any portion of Seller's Claim under this Agreement. Buyer shall have no right, duty or obligation to purchase or prosecute the Claim, or to negotiate with or to collect from any third party any verdict, judgment, award or settlement under such claim on behalf Seller.

### 5.     **Sellers Representations and Warranties**
Seller represents and warrants that

(a)     Seller is represented by an attorney in the Claim. Seller has reviewed this with an attorney, and any agreement between attorney and Seller will not be changed in any way so as to reduce the Proceeds payable to Seller. Seller also promises to notify Buyer in writing within 3 days if Seller terminates the services of Seller's attorney, or if the attorney decides not to proceed with the Claim. If new attorneys are retained to represent Seller in this Claim, Seller will notify Buyer of the new attorney and will direct the new attorney to comply with the terms if this Agreement. Seller and new attorney will execute a new Authorization and Acknowledgement within 14 days after agreeing to the terms of representation. Seller will also notify Buyer within 3 days if Seller moves from the address listed above;

(b)     Seller has not sold, transferred, hypothecated, mortgaged, encumbered, assigned, conveyed and/or otherwise disposed of any Interest in the Claim or in the Proceeds to any other person or entity. **Seller specifically agrees that Seller will not sell any additional portion of the Proceeds of the Claim without Buyer's permission or unless Buyer's Interest in the Claim is paid in full;**

Page **3** of **11**                                                         Seller's Initials

**EXHIBIT 1**

(c)      This Agreement is a legal, valid and binding obligation of Seller;

(d)      Seller is capable of entering into this Agreement;

(e)      Other than the Claim itself, there is no claim, legal action, charge, security Interest, lien, encumbrance, or any proceeding or order pending, or the rights of a third party, in effect or threatened, against Seller's property, assets or business, or this Claim other than set forth in Exhibit "B", which would in any manner affect or impair the Purchase Price under this Agreement;

(f)      Seller has complied with all laws and has not committed any misrepresentation, fraud or deception in connection with this Claim or this Agreement;

(g)      Seller is using the funds received from the Purchase price for Seller's immediate economic necessities.  Seller has been advised that Seller should not sell any portion of the Proceeds of the Claim if Seller has any other alternative to meet Seller's immediate economic necessities.  Because buyer is taking a high risk in purchasing the portion of the Proceeds of the Claim, Seller understands buyer may make a large profit.  Seller acknowledges that seller has been advised to seek the services of tax, accounting and financial advisors (in addition to my attorney) in the negotiating and signing of this Agreement.  Seller has valid reasons for selling to Buyer an Interest in the Proceeds rather than waiting until there is a verdict, award or settlement of the Claim.  Seller understands that the amount of Buyer's Interest as set forth in the Disclosure table is greater than the Purchase price Seller is receiving, and there is a cost to Seller of selling to Buyer the Interest.

(h)      Seller has not filed any voluntary petition in bankruptcy, or been found bankrupt or insolvent in any court proceeding, or sought or has been subject to the appointment of any trustee or receiver for all or any part of Seller's property.  Seller further represents that he/she is not in violation of any obligations concerning child support or alimony, and Seller has not been convicted of any felony or other crime involving dishonesty.

(i)      Seller will use Seller's best efforts to prosecute the Claim and to bring the Claim to a good faith settlement or final disposition.  Seller will keep Buyer informed about important developments in the Claim, and to instruct Seller's Attorney to keep Buyer informed about the Claim if from time to time buyer requests an update as to the status of the Claim.  Seller also promises to cooperate with Buyer in enforcing its rights under this Agreement.

**6.    Indemnification**
Seller agrees to indemnify and to hold Buyer harmless from, and shall reimburse Buyer for, any and all loss, liability and/or damage (including attorney's fees) suffered by Buyer by reason of any misrepresentation, breach of warranty or failure to perform any covenant by Seller or Attorney contained in this Agreement or in any document, instrument or any other item delivered to Buyer in connections with this transaction.

Page **4** of **11**                                    Seller's Initials

**EXHIBIT 1**

### 7. <u>Notices</u>

All notices and other communications required or permitted to be made or given under this Agreement shall be in writing and shall be either delivered personally or sent postage prepaid by United States mail, return of receipt requested as follows:

To Buyer at:     Universal Funds
200 Phillips Dr.
Exton, PA 19341

To Seller at:     Alton A. Greenough Jr.


### 8. <u>Reclassification of Transaction</u>

This Agreement represents an investment by Buyer, and not a loan to Seller. However, should a court of law determine that the transaction set out in this Agreement is a loan of money; Seller agrees that Interest shall accrue at the maximum rate permitted by law. Seller agrees that any fees or expenses paid by Buyer in connection with the Claim will not be included as Interest. This includes the Administrative fee described by paragraph 1 above, and any attorney's fees and/or costs Buyer has expended to enforce its rights under this Agreement. Seller agrees that these will be considered as reimbursements to Buyer, rather than as Interest.

### 9. <u>Waiver of Jury Trial</u>

BUYER AND SELLER, AFTER CONSULTATION WITH OUR RESPECTIVE ATTORNEYS, EACH HEREBY WAIVE ANY RIGHT WHICH WE MAY HAVE TO A JURY TRIAL IN CONNECTION WITH ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER COMMENCED BY OR AGAINST US IN ANY WAY ARISING OUT OF OR RELATED TO THIS AGREEMENT OR WITH ANY DOCUMENT EXECUTED IN CONNECTION WITH THIS AGREEMENT.

### 10. <u>Events of Default</u>

The occurrence of any one or more of the following events shall be an event of default by Seller under this Agreement.

(a)     The failure of me or my Attorney to pay Buyer's Interest in the Proceeds within 30 days after (i) there is a verdict, award and/or settlement with respect to the Claim and (ii) Proceeds are received by me or my Attorney; or

(b)     My failure to perform or comply with any of the agreements, conditions, provisions, or promises contained in this Agreement, including but not limited to if Buyer does not receive a timely response to a request for information from me or my Attorney or if Buyer does not receive a new Authorization and Acknowledgement by me or my new Attorney within ten (10) days after accepting representation in the Claim;

Page 5 of 11                                                    Seller's Initials

**EXHIBIT 1**

(c)    If Buyer discovers any material misrepresentations or inaccuracies in any representation of warranty made by Seller or Buyer in this Agreement.

Upon an Event of Default by me under this Agreement, I agree that Buyer may contact any insurance company, claims adjuster or attorney then handling the Claim on behalf of any responsible party and advise such insurance company, claims adjuster or Attorney about Buyer's Interest in my Claim and to direct that Buyer shall be included as the payee on settlement check. If Buyer does anything stated in this paragraph, Buyer shall not be liable to me for any damages which I may suffer resulting from Buyer's actions described above.

11.    **Applicable Law**
This Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania without regard to its provisions concerning conflicts of law. Buyer and Seller further irrevocably consent to the service of process out of the state and federal courts having original jurisdiction over actions arising in Phoenixville, Pennsylvania by mailing copies thereto by registered or certified United States mail, postage prepaid, to the other party to this Agreement at address specified above.

12.    **Arbitration**
**ANY DISPUTE BETWEEN SELLER AND BUYER ARISING UNDER OR RELATING TO THIS AGREEMENT (INCLUDING THE QUESTION OF WHETHER ANY PARTICULAR MATTER IS ARBITRABLE UNDER THIS AGREEMENT) SHALL BE SETTLED BY ARBITRATION. ALL PROCEEDINGS UNDER THIS PARAGRAPH SHALL BE UNDERTAKEN IN ACCORDANCE WITH RULES OF THE AMERICAN ARBITRATION ASSOCIATION (AAA) IN FORCE AS OF THE DATE OF THIS AGREEMENT IS EXECUTED. THE ARBITRATION SHALL TAKE PLACE BEFORE A SINGLE ARBITRATOR TO BE CHOSEN BY AGREEMENT OF THE PARTIES, OR FAILING SUCH, IN ACCORDANCE WITH THE AAA RULES. THE ARBITRATION SHALL TAKE PLACE IN PHILADELPHIA, PA UNLESS THE PARTIES AGREE TO A DIFFERENT LOCATION. THE ARBITRATOR SHALL PREPARE A WRITTEN AWARD UPON THE COMPLETION OF THE ARBITRATION HEARING. JUDGMENT UPON THE WRITTEN AWARD SHALL BE ENTERED AND ENFORCED IN ANY COURT OF COMPETENT JURISDICTION. SELLER AND BUYER AGREE THAT THE WRITTEN DECISION OF THE ARBITRATOR SHALL BE VALID, BINDING, FINAL, AND NON-APPEALABLE.**

**THE PARTY WHO INITIATES ARBITRATION SHALL PAY THE INITIAL FILING FEE AND DEPOSIT REQUIRED BY THE AAA. IF SELLER INITIATES THE ARBITRATION AND BELIEVES IN GOOD FAITH THAT IS IT FINANCIALLY UNABLE TO PAY SUCH FILING FEES OF THE ARBITRATOR, AND OTHER ARBITRATION FEES, SELLER MAY ASK THE AAA TO DEFER OR REDUCE SUCH FEES PURSUANT TO THE AAA RULES. IF THE AAA DOES NOT DEFER OR REDUCE SUCH FEES SO THAT THE SELLER CAN AFFORD THEM, BUYER MAY, UPON SELLER'S WRITTEN REQUEST, PAY THE FEES AND ANY OTHER COSTS**

Page **6** of **11**                                                          Seller's Initials

**EXHIBIT 1**

OF ARBITRATION THAT SELLER DEMONSTRATES IT IS UNABLE PAY AND
THAT ARE OVER AND ABOVE THE AMOUNT OF FEES AN COSTS SELLER
WOULD HAVE PAID IN A LEGAL CLAIM IN A FEDERAL DISTRICT COURT IN
THE SAME JURISDICTION AS THE PLACE OF ARBITRATION.  PAYMENT OF
SUCH FEES AND COSTS BY BUYER IS SUBJECT TO ANY LATER ALLOCATION
OF THE FEES AND COSTS BETWEEN SELLER AND BUYER BY THE
ARBITRATOR AS PROVIDED BELOW.

THE PARTIES TO THIS AGREEMENT CHOOSE ARBITRATION AS A WAY
TO EXPEDITIOUSLY RESOLVE ANY DISPUTES.  THE PARTIES HEREBY WAIVE
THE RIGHT TO ANY JURY TRIAL ON ANY DISPUTE.  THE PARTIES ALSO
WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS
ACTION ANY PROCEEDING ON ANY DISPUTES WITH ANY PROCEEDING ON
DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR
ENTITY NOT A PARTY TO THIS AGREEMENT.

THE PREVAILING PARTY IN ANY DISPUTE SHALL BE ENTITLED TO ALL
REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND
DISBURSEMENTS WITH RESPECT TO SUCH DISPUTE.

### 13. <u>Miscellaneous</u>

(a)   Entire Agreement.  This Agreement constitutes the entire Agreement between the
parties pertaining to its subject matter and supersedes all prior and contemporaneous agreements,
representations and understandings of the parties.  No modification or amendment of this
Agreement or waiver of any of its provisions shall be valid unless in writing and signed by both
parties.  The parties hereby acknowledge that they have read the  terms of this Agreement, that
they have consulted with legal counsel concerning its terms and effect, and that they understand
and voluntarily make this Agreement and intend to be legally bound by its terms.

(b)   Counterparts.  This Agreement may be executed in one or more counterparts, each
of which shall be deemed an original, but all of which shall constitute one and the same
instrument.

(c)   Invalidity.  The invalidity or unenforceability of any term or provision of this
Agreement shall not void or impair the remaining provisions, which shall remain in full force
and effect as if such invalid or unenforceable provision had never been contained herein.

(d)   Assignment.  This Agreement shall be binding upon and/or to the benefit of the
parties hereto, their respective successors and assignes.  Seller shall not assign his or her rights or
obligations under this Agreement without the prior written agreement consent of the Buyer.

Seller's Initials

**EXHIBIT 1**

14. **Right to Cancel**

**SELLER HAS THE RIGHT TO CANCEL THIS AGREEMENT WITHIN SEVEN (7) DAYS FROM THE DATE OF RECEIPT OF PURCHASE PRICE FROM BUYER.**

In order for the cancellation to be effective, Seller must either:

(i)    return the full amount of disbursed funds by Buyer to Buyer, by delivering the uncashed check to the Buyer's offices in person, within seven business days of the date Seller signs this Agreement, or

(ii)    mail a notice of cancellation and include in that mailing a return of the full amount of disbursed funds (in the form of the Universal check, or registered, cashiers' or certified check or money order), by insured, registered or certified United States mail, postmarked within seven (7) business days of the date Seller signs this Agreement, at the address below:

UNIVERSAL FUNDS
200 Phillips Dr.
Exton, PA 19341

**DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE.  BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.  YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT.**

SELLER:                                             BUYER:
                                                    UNIVERSAL FUNDS

By: _Alton A. Greenough Jr._                        By: _____
DocuSigned by:
44736E47E7444A2...
Alton A. Greenough Jr.                              Paul A. Graeff, Jr., President
Date: ___3/9/2018___                                Date:  March 09, 2018

SIGN →

**STATE OF**
**COUNTY OF**                          ss:
On _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____, and in due form of law acknowledged the foregoing instrument to be that person's act and deed and desire the same to be recorded as such.
Witness my hand and notarized seal the date and year aforesaid.


_____
Notary Public
My commission Expires_____                Notary Seal

N
O
T
A
R
I
Z
E
↓

Seller's Initials_____

**EXHIBIT 1**

## EXHIBIT "A"
## AUTHORIZATION FOR ATTORNEY TO PAY UNIVERSAL FUNDS FROM PROCEEDS OF CLAIM/ACKNOWLEDGEMENT OF AUTHORIZATION

### AUTHORIZATION

Pursuant to that certain Purchase Agreement dated March 09, 2018 between Alton A. Greenough Jr. and Universal Funds (the "Agreement") I, Alton A. Greenough Jr. hereby irrevocably authorize and direct my attorney (and any future attorney representing me in connection with my claim), to, among other things (i) acknowledge an assignment, consensual lien and security Interest in favor of Universal against any and all of the proceeds due me from the Claim (after payment of any and all legal fees, reimbursable costs, statutory liens and liens buyer has been advised of that are in existence prior to the date of the Agreement) and to protect and satisfy the assignment, consensual lien and security Interest in favor of Buyer up to the full amount of Universal Funds Interest, (ii) pay Universal Funds from the Proceeds the amount due to Buyer representing its Interest in the Proceeds of my Claim at the time of distribution of the proceeds prior to any payment to me with respect to my Claim, (iii) notify Universal Funds of any verdict, Award, settlement, discontinuance or ending with respect to my Claim, (iv) respond to request for information from Universal Funds and (v) call or contact Universal Funds prior to any disbursement of funds to verify the amount due prior to any distribution of Proceeds to Seller.

The amount of Universal Funds Interest will increase to reflect the date universal Funds is paid its Interest and Proceeds set forth in the Disclosure table attached to the Agreement as Exhibit B, as such may be amended from time to time. This authorization is irrevocable and binding and may only be amended by the mutual written agreement of Universal Funds and Seller.

Date: _____   Signature: _____

Alton A. Greenough Jr.

### ACKNOWLEDGEMENT OF AUTHORIZATION

I, Mark S. Schuver, Esquire on behalf of Mathis, Marifian & Richter, Ltd hereby acknowledge that we represent Alton A. Greenough Jr. ("Plaintiff"), as his or her attorney, in connection with the Claim described in that certain Purchase Agreement dated March 09, 2018 between Plaintiff and Universal Funds ("Universal") (the "Agreement").

I acknowledge that Plaintiff has irrevocably instructed us to comply with its terms pursuant to the Authorization set forth above (the "Authorization") and I will honor Plaintiff's authorization and the assignment, consensual lien and security Interest in favor of Universal, subordinate only to my fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement. In particular, we agree to pay Universal its Interest from Plaintiff's Proceeds of the Claim in accordance with the Disclosure Table set forth on Page 1 and 2 of this Agreement, as such may be amended from time to time. I further agree not to distribute any Proceeds of the Claim to Plaintiff until Universal has been paid its Interests in full. In the event of a dispute, we agree that only disbursements for attorney's fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement will be made and that all funds due Plaintiff shall be held by us until such dispute is resolved. I also agree to honor any amended Disclosure Table signed by Plaintiff and Universal.

All disbursement of funds, including Plaintiff's share of the Proceeds, will be through my attorney trust account, and Plaintiff will not receive a settlement check directly from the defendant or insurance company. I also agree to contact Universal prior to any disbursement of funds to verify the amount of Universal's Interest.

I have no knowledge of Plaintiff having previously sold, transferred or signed any Interest in the Claim or in the Proceeds of the Claim, to any other person or entity, except for Universal, and understand that Plaintiff may not further sell, transfer or assign any additional Interest in the Claim without Universal's written permission, unless Universal Interest has been paid in full.

Date: __3-12-18__   Signature: _____

Mark S. Schuver

Page 9 of 11                                                       Seller's Initials___

**EXHIBIT 1**

## EXHIBIT "A"
## AUTHORIZATION FOR ATTORNEY TO PAY UNIVERSAL FUNDS FROM PROCEEDS OF CLAIM/ACKNOWLEDGEMENT OF AUTHORIZATION

### AUTHORIZATION

Pursuant to that certain Purchase Agreement dated March 09, 2018 between Alton A. Greenough Jr. and Universal Funds (the "Agreement") I, Alton A. Greenough Jr. hereby irrevocably authorize and direct my attorney (and any future attorney representing me in connection with my claim), to, among other things (i) acknowledge an assignment, consensual lien and security Interest in favor of Universal against any and all of the proceeds due me from the Claim (after payment of any and all legal fees, reimbursable costs, statutory liens and liens buyer has been advised of that are in existence prior to the date of the Agreement) and to protect and satisfy the assignment, consensual lien and security Interest in favor of Buyer up to the full amount of Universal Funds Interest, (ii) pay Universal Funds from the Proceeds the amount due to Buyer representing its Interest in the Proceeds of my Claim at the time of distribution of the proceeds prior to any payment to me with respect to my Claim, (iii) notify Universal Funds of any verdict, Award, settlement, discontinuance or ending with respect to my Claim, (iv) respond to request for information from Universal Funds and (v) call or contact Universal Funds prior to any disbursement of funds to verify the amount due prior to any distribution of Proceeds to Seller.

The amount of Universal Funds Interest will increase to reflect the date universal Funds is paid its Interest and Proceeds set forth in the Disclosure table attached to the Agreement as Exhibit B, as such may be amended from time to time. This authorization is irrevocable and binding and may only be amended by the mutual written agreement of Universal Funds and Seller.

Date: 3/9/2018                    Signature: _Alton A. Greenough Jr._

Alton A. Greenough Jr.

### ACKNOWLEDGEMENT OF AUTHORIZATION

I, Mark S. Schuver, Esquire on behalf of Mathis, Marifian & Richter, Ltd hereby acknowledge that we represent Alton A. Greenough Jr. ("Plaintiff"), as his or her attorney, in connection with the Claim described in that certain Purchase Agreement dated March 09, 2018 between Plaintiff and Universal Funds ("Universal") (the "Agreement").

I acknowledge that Plaintiff has irrevocably instructed us to comply with its terms pursuant to the Authorization set forth above (the "Authorization") and I will honor Plaintiff's authorization and the assignment, consensual lien and security Interest in favor of Universal, subordinate only to my fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement. In particular, we agree to pay Universal its Interest from Plaintiff's Proceeds of the Claim in accordance with the Disclosure Table set forth on Page 1 and 2 of this Agreement, as such may be amended from time to time. I further agree not to distribute any Proceeds of the Claim to Plaintiff until Universal has been paid its Interests in full. In the event of a dispute, we agree that only disbursements for attorney's fees, reimbursable costs, statutory liens and liens Universal has been advised of that are in existence prior to the date of this Agreement will be made and that all funds due Plaintiff shall be held by us until such dispute is resolved. I also agree to honor any amended Disclosure Table signed by Plaintiff and Universal.

All disbursement of funds, including Plaintiff's share of the Proceeds, will be through my attorney trust account, and Plaintiff will not receive a settlement check directly from the defendant or insurance company. I also agree to contact Universal prior to any disbursement of funds to verify the amount of Universal's Interest.

I have no knowledge of Plaintiff having previously sold, transferred or signed any Interest in the Claim or in the Proceeds of the Claim, to any other person or entity, except for Universal, and understand that Plaintiff may not further sell, transfer or assign any additional Interest in the Claim without Universal's written permission, unless Universal Interest has been paid in full.

Date: _____      Signature: _____

Mark S. Schuver

Page **9** of **11**                                    Seller's Initials _____

**EXHIBIT 1**

## EXHIBIT "B"

## PRIOR SALES, TRANSFERS, ASSIGNMENTS OR CONVEYANCES OF ANY INTEREST IN THE CLAIM

**List previous liens, if any:**

Seller's Initials

EXHIBIT 1